IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK A. MASTAGNI, KAREN L. HORZEN, and SANDRA E. KELLER, in their official capacities as Trustee of THE MASTAGNI CHILDREN'S TRUST I, and MARY E. MASTAGNI, individually and in her official capacity as Trustee of THE MASTAGNI LIVING TRUST,<br><br>     Plaintiffs,<br><br>vs.<br><br>LAMAR BURNETT, CHRISTINE BURNETT, KIM E. WILSON and SARAH A. WILSON, d/b/a MARTINIQUE MINING COMPANY, DUVAL FAMILY 1988 REVERSIONARY TRUST, JARED BROWN, FRANK DUVAL, individually and in his official capacity as Trustee of the DUVAL FAMILY 1988 REVERSIONARY TRUST, and the ESTATE OF L.K. and DIANA HOLLENBEAK<br><br>     Defendants. | Case No. CIV 03-113-C-EJL<br><br><br><br><br><br>**ORDER ON REPORT AND RECOMMENDATION** |

**ORDER**

| | |
|---|---|
| LAMAR BURNETT, CHRISTINE BURNETT, and JARED BROWN, | ) ) ) ) |
| Counter Claimants, | ) ) ) |
| vs. | ) ) ) |
| MARK A. MASTAGNI, KAREN L. HORZEN, and SANDRA E. KELLER, in their official capacities as Trustee of THE MASTAGNI CHILDREN'S TRUST I, and MARY E. MASTAGNI, individually and in her official capacity as Trustee of THE MASTAGNI LIVING TRUST, | ) ) ) ) ) ) ) ) ) ) |
| Counter Defendants. | |

On July 21, 2008, Magistrate Judge Candy W. Dale issued a Report and Recommendation, recommending that Plaintiffs' Motion for Summary Judgment be granted in part and denied in part, the Motions to Strike be denied, and the Motion to Take Judicial Notice be granted.

Plaintiffs and Defendant both filed objections to the recommendation. Any party may challenge a Magistrate Judge's proposed recommendation regarding a dispositive motion by filing written objections within ten days after being served with a copy of the Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district court may accept, reject, or

**ORDER**

modify in whole or in part, the findings and recommendations made by the magistrate. Id.; see also Fed. R. Civ. P. 72(b).

The Plaintiffs' objections assert the Report and Recommendation 1) improperly concludes that Defendant Burnett's affidavits should not be stricken and 2) incorrectly concluded that genuine issues of material fact exist as to whether there was ever a conveyance to the Duval Family 1988 Reversionary Trust ("Duval Family Trust") or Mr. Duval individually. The Defendant objects to the Report and Recommendation's conclusion that no easement exists. The Court has considered the parties' contentions and conducted a *de novo* review of the record and finds as follows.[1]

## DISCUSSION

I.  Motions to Strike

Plaintiffs dispute consideration of the Affidavits submitted by Lamar Burnett in this case arguing they present "sham testimony" and inadmissible hearsay offered only to create an issue of fact. The statements in the affidavits, Plaintiffs argue, contradict Mr. Burnett's prior deposition testimony. The Magistrate Judge denied the motions to strike concluding they do not contain hearsay, as the statements are not offered for the truth of the matters asserted, and the affidavit-statements do not directly contradict Mr. Burnett's prior testimony. The motions to strike are aimed at challenging the defense position that Amerigold was not a bona fide purchaser because it knew that Duval held a valid interest in the claim. (Dkt. No. 202, p. 4).

---

[1] The facts and procedural background in this case are apply stated in the report and recommendation and not disputed by the parties. Accordingly, the Court will not restate them in this Order.

**ORDER**

The Magistrate Judge determined, based in part on the affidavit, questions of fact exists as to whether Amerigold was a bona fide purchaser.[2]

This Court agrees with the Magistrate Judge's recommendation to deny the motions to strike Mr. Burnett's affidavits. The affidavits do not contain hearsay statements and they do not directly contradict Mr. Burnett's prior sworn testimony. If anything, the arguments regarding the statements in the affidavits only serve to highlight the fact that genuine issues of material fact exist on this point. Whether a finder of fact were to conclude that Mr. Burnett did in fact inform Amerigold that Duval held a valid interest in the mining claim is a different question.

II.     Conveyances to the Duval Family Trust

Plaintiffs object to the Report and Recommendation's denial of summary judgment arguing there is no evidence that the Duval Family Trust was ever formed and capable of receiving title and, if it was not formed and Frank Duval received title individually, the interest would be barred from passing back to Mr. Burnett as a result of Mr. Duval's bankruptcy discharge. (Dkt. No. 202, pp. 4-5). The Magistrate Judge determined that genuine issues of material fact exist as to whether or not the Duval Family Trust ever came into existence because Mr. Duval did not unequivocally deny the trust's existence, the deed conveying the interests grants the interests to the Duval Family Trust, and, most importantly, Duval and the Burnetts acted as if there had been a conveyance. (Dkt. No. 200, pp. 22-23).

---

[2] The affidavits were not the only basis for the Magistrate Judge's recommendation to deny the motion. The Magistrate Judge also concluded that regardless of the affidavits, genuine issues of material fact remain as to Amerigold's bona fide purchaser status in light of "the doctrine of after acquired title and the two subsequent conveyances between the Burnetts and Amerigold." (Dkt. No. 202, p. 26).

**ORDER**

On this point, Plaintiffs disagree with the Magistrate Judge's application of <u>Hill v. Hill</u>, 102 P.3d 1131 (Idaho 2004). In that case, the Idaho Supreme Court concluded that material issues of fact existed regarding the existence of a trust in light of evidence that the parties intended to create a trust. Plaintiffs argue the facts in <u>Hill</u> are distinct because there were more documentation and evidence of the intent to create a trust in <u>Hill</u> than in this case. The Magistrate Judge disagreed and determined that the evidence of an intent to create a trust in this case is akin to the evidence in <u>Hill</u> that the Idaho Supreme Court determined amounted to genuine issues of material fact. The Magistrate Judge points to the deed conveying the interest which grants the interest to the Duval Family Trust and the actions of the parties: i.e. Mr. Duval accepting the interests, the Burnetts acting as if the transfers were valid, and Mr. Burnett's payment to Mr. Duval of consideration upon reconveyance. Plaintiffs counter that Mr. Duval has filed a notice of non-opposition to Plaintiffs' motion for summary judgment and argue there is no evidence that the Duval Family Trust ever existed.

Having conducted a review of the record, this Court agrees that genuine issues of material fact exist as to whether the Duval Family Trust existed and the validity of the conveyance of the interest to the trust. While the possible evidence favoring a valid conveyance is slim, evidence still exits. At the time of the purported conveyance, the deed coupled with the parties' actions evidence their intent that the conveyance was valid and, therefore, that the trust may have been created. The fact that Mr. Duval has now filed a non-objection to the Plaintiffs' motion for summary judgement is not evidence for or against the validity of the conveyance or existence of the trust. Whether or not it can actually be proven that the trust ever existed or that the transfer of interest was valid are questions precluded on this motion by the questions of fact

**ORDER**

that exist. The Court does, however, agree with Plaintiffs that Mr. Duval could not have held title to any interest individually in light of the 1999 discharge in bankruptcy. Accordingly, the Court will not adopt that portion of the Report and Recommendation.

III.     Easement

Defendant Global objects to the Report and Recommendation in its conclusion that a prescriptive easement does not exist across the Keller Property to the Squaw Bar Placer claim. Global contends that the prescriptive easement was created by Mr. Burnett's open, notorious, continuous, and adverse use of the road from September 20, 1993 to 2003. This easement, Global argues, is fixed as an appurtenance to the property. At a minimum, Global asserts that genuine issues of material fact preclude summary judgment on the question of the existence of an easement. The Magistrate Judge concluded that no easement by prescription exists because no easement rights were created or identified on the face of the transferring deeds, there is no evidence that the legal mechanism for claiming an easement was followed, and the Bankruptcy Court's sale of mineral rights to Global did not include the sale of any easement which is separate and apart from the sale of mineral rights. (Dkt. No. 200). Plaintiffs filed a response to the objections noting that the Bankruptcy Court's Order Confirming Sale of mineral interests expressly excluded any right of access, there was no legal conveyance of any easement, and the actions of Burnett which Global claims give rise to the prescriptive easement were not being done under the interests that are now held by Global - which are the interests held by Duval - but were connected to the interests held by Amerigold.

No easement by either implication nor prescription was ever formed. Neither the deeds nor the Bankruptcy Court's Order mention nor convey any easement. Just the opposite, the
**ORDER**

Bankruptcy Court's Order of sale to Global expressly stated "[a]ny mineral rights that these bankruptcy estates may hold of any kind or nature is sold to Global Development, free and clear of all liens and claims pursuant to 11 USC §363, except nothing herein should be construed as eliminating or modifying any claims that the Mastagni [sic] Parties have to those mineral rights including those claims that are the subject matter of the Federal Lawsuit. Buyer is purchasing the mineral rights subject to the terms of this order." In re Burnett, Bankr. Case No. 05-22128, Dkt. No. 35, pp. 3-4. The Bankruptcy Court Order went on to state:

> Global Development, was given notice that there is no allowed legal access to obtain the equipment listed on Exhibit "A" to the Notice of Public Auction Sale on file herein, across any person's real property, and that there has been no physical inspection or inventory of any kind of such equipment. Nothing in this order approving the sale should be construed as allowing Global Development, the Debtors, or any party the right to come onto the Mastagini [sic] Parties' real property without permission of the Mastagni Parties.
>
> The mineral rights being sold hereunder are without warranty of any kind or nature as to their scope or existence. Global Development was provided notice prior to the auction sale that it will likely be named as an additional defendant in the Federal Lawsuit as it is buying mineral rights that are disputed as to ownership by the plaintiffs' in that litigation. Nothing herein shall be construed as creating an interest in favor of the Debtors, Trustee or Global Development that did not exist at the time the bankruptcy petition was filed.

Id. This language makes clear that no easement was conveyed via the Bankruptcy Court sale. The actions the defense argues establish a prescriptive easement involve Mr. Burnett's mining activities during the time that Mr. Burnett would have been mining under Amerigold's interests, not the Duval interests which are now the source of Global's mining claim. Thus, any of Mr. Burnett's actions would only go to prove an easement under the Amerigold claim, not the Duval interests.

**ORDER**

The defense's objection argues at length that easements are appurtenant to the land. In doing so, Global disputes the Magistrate Judge's reading of the Idaho Code § 47-701. The Report and Recommendation, however, did not discuss Idaho Code § 47-701, which applies to mineral rights in state lands, but instead referenced Idaho Code § 47-901 and § 47-903, which governs rights of way and easements for development of mines. The applicable code section here is that discussed by the Magistrate Judge as the mining claim at issue is not on state lands. Idaho Code §§ 47-901 and 903 make clear that a right of way to a mining claim must be secured separate and apart from the ownership of the mining claim itself; as the statutes provide the legal right and process for securing a right of way to a mining claim. An easement does not exist simply by virtue of the existence or transfer of a mining claim. Therefore, regardless of whether or not an easement is appurtenant, the fact remains that the easement must still first be created before it could possibly become appurtenant. In this case, the Magistrate Judge properly concluded that there is no evidence that any easement was conveyed to Global. Accordingly, the Court adopts the Magistrate Judge's recommendation on this point.

IV.     Conclusion

Having conducted a *de novo* review of the record in this case and the parties' arguments, the Court finds the Magistrate Judge properly addressed the issues presented and the conclusions of the Report and Recommendation are consistent with this Court's analysis of the record in this case with the exception of the discussion regarding Mr. Duval's ability too individually convey in any interest after his 1999 bankruptcy. The Magistrate Judge's conclusions are consistent

**ORDER**

with this Court's own view of the evidence and the record.[3]  Further, the Magistrate Judge identified the correct legal standards and properly applied those standards to the record. Accordingly, with the one noted exception, the Court will adopt the recommendations of the Magistrate Judge except as noted herein.

## ORDER

Based on the foregoing and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on July 21, 2008 (Docket No. 200), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED AS DETAILED IN THIS ORDER**.

**THEREFORE IT IS HEREBY ORDERED** as follows:

1) Motion for Partial Summary Judgment (Dkt. No. 155) is **GRANTED IN PART AND DENIED IN PART**.

2) Motions to Strike Affidavits of Burnett (Dkt. Nos. 170, 176) are **DENIED**.

3) Motion to Take Judicial Notice (Dkt. No. 196) is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is referred to the Honorable Ronald E. Bush, United State Magistrate Judge, for the purpose of conducting a settlement conference on or before December 31, 2008.  This referral shall automatically terminate after the conclusion of said settlement conference.

---

[3] Again, with the exception of the portion of the recommendation discussing the possibility of Mr. Duval possessing the conveyance of interest in his individual capacity.

**ORDER**

SO ORDERED.

DATED: **October 17, 2008**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER**